UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-425-JGH

PINNACLE SURETY SERVICES, INC.                                                          PLAINTIFF

v.

TODD P. LOEHNERT, *et al.*                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

After voluminous initial briefing, supplemental briefing, and a lengthy conference discussing Plaintiff's motion to disqualify Defendants' counsel, the Court found a conflict of interest and ordered that Defendants' counsel be disqualified. (DN 28, at PageID # 583-94.) Defendants now raise a somewhat new argument based on previously available law and fact and move this Court to reconsider its Order. Alternatively, Defendants request this Court certify its Order for immediate appeal under 28 U.S.C. § 1292(b). For the reasons that follow, the Court will deny the motion to vacate but sustain the motion to certify its Order for appeal.

I.

A motion to reconsider is generally treated as a motion to alter or amend a judgment under Rule 59(e). *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). A Rule 59(e) motion is "extraordinary in nature and so should only be granted sparingly." *Gesler v. Ford Motor Corp.*, 185 F. Supp. 2d 724, 729 (W.D. Ky. 2001). The Court will grant a Rule 59 motion in only four circumstances: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) the need to prevent manifest injustice. *GenCorp, Inc. v. Am. Inter. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "A motion under Rule 59(e)

is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Defendants only cite avoidance of manifest injustice as grounds for reconsideration. They have had four bites at this apple: They filed a lengthy response to Plaintiff's motion to disqualify (DN 17), they sought and received leave to file a surreply (DN 21), they moved for a "sealed evidentiary hearing" (DN 26), and the Court heard arguments in a conference (DN 29). In their briefs, Defendants accused Plaintiff's counsel of abusing the ethical rules and of making material false statements to the Court. But through all of this, Defendants repeatedly failed to adequately address binding precedent adverse to their case. A recent Sixth Circuit opinion applied Kentucky law and described the analytical framework for addressing disqualification motions based on conflicts of interest with former clients. *See Bowers v. Ophthalmology Group*, 733 F.3d 647 (6th Cir. 2013). In the Order disqualifying Defendants' counsel, this Court applied the two-step analysis from *Bowers*.

Defendants' new argument stresses that the representation in the Wells Fargo matter was joint—that is, Defendants' counsel represented Pinnacle, Loehnert, and Ayres together. As such, they say, any information that Pinnacle divulged to Defendants' counsel is confidential as to outsiders, but is not confidential as to Loehnert and Ayres. So if Pinnacle could not have divulged confidential information in the Wells Fargo matter, then that matter could not have been substantially related to this one.

This falls short of manifest injustice. First, Defendants cite the Kentucky Rules of Evidence to argue that the *attorney-client privilege* does not apply as to a "communication relevant to a matter of common interest between or among two (2) or more clients if the communication was made by any of them to a lawyer retained or consulted in common, when

2

offered in an action between or among any of the clients." Ky. R. Evid. 503(d)(5). This is true, but the attorney-client privilege is not at issue here; no one is seeking to obtain or offer specific privileged statements. It is the broader ethical duty of confidentiality that controls here.

On this point, Defendants cite the Kentucky Supreme Court Rules to argue that Pinnacle had no expectation of confidentiality as to Loehnert and Ayres because, had Pinnacle sought to keep information from Loehnert and Ayres, there likely would have been a concurrent conflict of interest under Rule 1.7. *See* Ky. S. Ct. R. 3.130 (1.7). They stress a sentence in Comment 31 to this rule, which states that in a joint representation, an attorney "has an equal duty of loyalty to each client, and each client has the right to be informed of anything bearing on the representation that might affect that client's interests and the right to expect that the lawyer will use that information to the clients' benefits." Ky. S. Ct. R. 3.130 (1.7, cmt. 31). But the very next sentence provides: "The lawyer should, at the outset of the common representation and as part of the process of obtaining each client's informed consent, advise each client that information will be shared and that the lawyer will have to withdraw if one client decides that some matter material to the representation should be kept from the other." *Id.*

The general rule governing an attorney's ethical duty of confidentiality states: "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized to carry out the representation or the disclosure is permitted by [exceptions not relevant to this case]." Ky. S. Ct. R. 3.130(1.6)(a). There is some interplay between this Rule and the comments to Rule 1.7 referenced above; the comments suggest that lawyers obtain informed consent at the outset of a joint representation to prevent concurrent conflicts. This also suggests that attorneys should obtain informed consent to reveal confidential information to alleviate any problems under Rule 1.6.

Here, Pinnacle did not give its informed consent. No evidence suggests that Defendants' counsel advised Pinnacle and received a waiver at the outset of its representation in the Wells Fargo matter—or at any time thereafter.

The next issue is whether disclosure was "impliedly authorized to carry out the representation." The Court does not believe it was Pinnacle's responsibility (as the client) to know that any comments it made would be shared with an adverse party in subsequent litigation. Rather, to avoid a problem in subsequent litigation, Defendants' counsel would have needed to discuss the potential for conflicts of interest at the outset and obtain appropriate waivers. While it is perhaps understandable that Defendants' counsel did not do so in this case—it would have been difficult to foresee subsequent litigation in such a short period of time—sometimes the representation of clients can have unforeseen consequences. As such, even though failure to reveal confidential information could have created a concurrent conflict of interest at the time, Pinnacle maintained a reasonable expectation that its communications would remain confidential. And with this, they maintained a reasonable expectation that these communications would not be used against them in subsequent litigation.

The Court recognizes that a motion to disqualify can be a powerful weapon in litigation; it can separate individuals and businesses from their lawyers of many years. As such, this Court has rarely sustained these motions. But conflicts arise in the practice of law. Sometimes, they arise from unpredictable circumstances. The Court has no reason to believe that Defendants' counsel did anything wrong in the Wells Fargo matter or here. Yet an unexpected conflict arose, and Defendants' counsel maintains a duty to its former client. They must be disqualified.

II.

Defendants also requested that this Court certify its disqualification Order under 28 U.S.C. § 1292(b), which allows the Court of Appeals to permit an appeal from an order not otherwise appealable if the "district judge . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." The Court believes that its disqualification Order satisfies the statute's requirements. The application of *Bowers* to the facts here is somewhat unusual and does not appear to have been decided by the Sixth Circuit. There is a substantial ground for difference of opinion as Defendants have raised some strong arguments as to why their attorneys should not have been disqualified. And an immediate appeal would advance the ultimate termination of this litigation because an invalidation of the disqualification Order on appeal would invalidate the trial and require much of this litigation to begin anew. Though the Court of Appeals will ultimately determine whether to hear the appeal, this Court believes it would be appropriate.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to alter or amend is DENIED.

IT IS FURTHER ORDERED that the Court's Order dated November 20, 2014, (DN 28) is CERTIFIED FOR APPEAL pursuant to 28 U.S.C. § 1292(b).

IT IS FURTHER ORDERED that all discovery is STAYED pending resolution of this matter in the Court of Appeals.

cc: Counsel of Record